UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PLC TRENCHING CO., LLC,

                      Plaintiff,            6:11-CV-0515
                                           (GTS/DEP)
v.

GARY NEWTON, JR.; CABLE SYS.
INSTALLATION LLC; and CABLE SYS.
INSTALLATIONS CORP.,

                      Defendants.
_____

APPEARANCES:                         OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS, LLP    CYNTHIA A. MURRAY, ESQ.
  Counsel for Plaintiff                    THEODORE L. HECHT, ESQ.
140 Broadway, Suite 3100
New York, NY 10005-9998

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this misappropriation-of-trade-secrets action is a motion

for a temporary restraining order ("TRO") and preliminary injunction filed by PLC Trenching

Co., LLC ("Plaintiff") against Gary Newton, Jr., Cable System Installation LLC, and Cable

System Installations Corp. ("Defendants").  (Dkt. No. 5.)  For the reasons stated below,

Plaintiff's motion for a temporary restraining order is granted; decision on Plaintiff's motion for

a preliminary injunction is reserved; and the parties are directed to appear before this Court at

3:00 p.m. on May 17, 2011, for oral argument on the issue of whether the TRO should be

converted to a preliminary injunction and/or revoked.

I.      **RELEVANT BACKGROUND**

   A.      **Plaintiff's Complaint**

On May 5, 2011, Plaintiff filed its Complaint in this action.  (Dkt. No. 1.)  Generally, in

its Complaint, Plaintiff alleges that it is in certain and imminent danger of being irreparably

harmed by a former employee (Defendant Gary Newton, Jr.) who (1) on February 14, 2011

surreptitiously and wrongfully appropriated thousands of Plaintiff's confidential and unique

engineering drawings, mechanical designs and installation techniques, (2) on February 18, 2011,

voluntarily left Plaintiff's employment and went to work for a competing construction company

owned by Cable System Installation, LLC, and Cable System Installations Corp. (collectively

"CSI"), which, like Plaintiff, performs trenching and underground utility installations, and (3)

subsequently has, upon Plaintiff's information and belief, transferred that information to CSI.

(*Id.*)[1]  Based on these factual allegations, Plaintiff's Complaint asserts the following five claims

against Defendants: (1) misappropriation of trade secrets; (2) violation of the Computer Fraud

and Abuse Act, 18 U.S.C. § 1030; (3) violation of the Store Communications Act, 18 U.S.C. §

2701; (4) breach of fiduciary duties; and (5) unfair competition.  (*Id.*)

   B.      **Plaintiff's Motion for a Temporary Restraining Order**

On May 6, 2011, Plaintiff filed a motion for a TRO and preliminary injunction.  (Dkt.

No. 5.)  Generally, in its motion for a TRO, Plaintiff seeks to enjoin Defendants from doing any

of the following, pending a hearing and decision on Plaintiff's motion for a preliminary

injunction: (1) directly or indirectly manufacturing, using, exploiting, selling, transferring,

---

[1]      For a more detailed recitation of the factual allegations giving rise to Plaintiff's
claims, the Court refers the reader to the Complaint in its entirety.  (*See generally* Dkt. No. 1.)

copying, secreting or otherwise employing, retaining possession or exerting any right over Plaintiff's trade secrets and proprietary information in connection with any of their business of personal activities; and (2) directly or indirectly erasing, deleting, destroying or otherwise disposing of any date, files, records, memoranda, or information improperly obtained by Defendant Gary Newton, Jr., while he was employed by Plaintiff and which is now believed to be in the possession of Defendants.  (*Id*.)

In addition, in its motion for a TRO, Plaintiff seeks to an Order from the Court doing the following, pending a hearing and decision on Plaintiff's motion for a preliminary injunction: (1) ordering Defendants to return all copies of digital computer files, physical and other representational or intellectual embodiments of Plaintiff's trade secrets and proprietary information which were improperly obtained by Defendant Gary Newton, Jr., while he was employed by Plaintiff and are now in the possession of Defendants, (2) allowing Plaintiff to inspect and perform a forensic investigation of Defendants' computer systems to independently monitor Defendants' business activities, at Defendants' sole cost and expense (both jointly and severally), to ensure that Defendants are not manufacturing, using, exploiting, selling, transferring, copying, secreting or otherwise employing, retaining possession or exerting any right over Plaintiff's trade secrets or proprietary information, and (3) maintaining the status quo until the hearing and decision on Plaintiff's motion for a preliminary injunction.  (*Id*.)

## II.   LEGAL STANDARD GOVERNING ISSUANCE OF A TEMPORARY RESTRAINING ORDER

Pursuant to the well-known legal standard governing motions for temporary restraining orders,[2] a party seeking such relief must establish two things.  First, the party must establish a likelihood of irreparable harm if the requested relief is denied.  Second, the party must establish either (a) a likelihood of success on the merits of its case, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.

## III.   ANALYSIS OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

### A.   First Requirement–Likelihood of Irreparable Harm

After carefully reviewing Plaintiff's motion papers, the Court finds that Plaintiff has adduced sufficient evidence that it will suffer irreparable harm if the requested temporary restraining order is not issued.  In particular, the Court reaches this conclusion based on the affidavit testimony of David L. Critelli, Michael E. Lopata, and Casey Tyoe, and exhibits thereto.  (Dkt. Nos. 8-10.)  For example, the Court notes that Plaintiff has adduced testimony that (1) the information in question took years to develop, provided Plaintiff with a substantial advantage over its competitors, and was kept confidential, (2) Defendants' use of this information would harm Plaintiff in a way that cannot be easily measured in dollars, (3) Defendant Newton obtained this information in a way that indicates a scheme to harm Plaintiff,

---

[2]      "The legal standards for granting a temporary restraining order and a preliminary injunction are the same." *Young-Flynn v. Wright*, 05-CV-1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (quoting *Gund, Inc. v. SKM Enters., Inc.*, 01-CV-0882, 2001 WL 125366, at *1 [S.D.N.Y. Feb. 14, 2001]).

and indeed has reportedly already used certain of this information (i.e., regarding how to adapt "cup cutters" to the Rivard trencher, used by both Plaintiff and Defendants) to increase the productivity at one of CSI's projects. (*Id*.) As a result, the Court concludes that Plaintiff has satisfied the first requirement for the issuance of a temporary restraining order, except to the limited extent discussed by the Court below in Part III.C. of this Decision and Order.

      **B.**      **Second Requirement–Likelihood of Success on Merits (or Sufficiently Serious Questions Going to the Merits, and Balance of Hardships Tipping Decidedly in Favor of Movant)**

After carefully reviewing Plaintiff's Complaint and motion papers, the Court finds that Plaintiff has adduced sufficient evidence that Plaintiff will succeed on the merits of at least one of its five claims. In particular, the Court reaches this conclusion based on the legal arguments offered by Plaintiff on pages 11 through 16 of its memorandum of law, and the affidavit testimony of David L. Critelli, Michael E. Lopata, and Casey Tyoe, and exhibits thereto. (Dkt. Nos. 7-10.) For example, as stated above in Part III.A. of this Decision and Order, the Court notes that Plaintiff has adduced testimony that (1) the information in question took years to develop, provided Plaintiff with a substantial advantage over its competitors, and was kept confidential, (2) CSI is a fledgling company in the same industry as Plaintiff, (3) Defendant Newton obtained the information in question in a way that indicates an intent to use it during his employment at CSI, and indeed has reportedly already used certain of the information (i.e., regarding the adaptation of "cup cutters") to increase the productivity at one of CSI's projects, and (4) at the very least, Defendant Newton intentionally accessed this information on a computer without authorization. (*Id*.) As a result, the Court concludes that Plaintiff has satisfied the second requirement for the issuance of a temporary restraining order.

C.      **Scope of Temporary Restraining Order**

As described above in Part I.B. of this Decision and Order, Plaintiff seeks a restraining order that generally does two different types of things pending a hearing and decision on Plaintiff's motion for a preliminary injunction: (1) *prohibits* Defendants from doing certain things (i.e., using the information in question or erasing the information in question); and (2) *requires* Defendants to do certain things (i.e., return all copies of the information in question, allow Plaintiff to investigate Defendants' possession of the information in question, and maintain the status quo).  After carefully considering the matter, the Court finds that the need for the latter relief is sufficiently mooted by the granting of the former relief such that Plaintiff has not sufficiently shown that it will suffer irreparable harm if the latter relief is not granted.  Among other things, the Court notes that the return of the information in question, during the days before the hearing on Plaintiff's motion for preliminary injunction, would appear unnecessary given that Plaintiff already has it and Defendants cannot use it.  Moreover, the investigation requested by Plaintiff would appear unnecessary given (1) defense counsel's ethical obligations as officers of the Court, and (2) Plaintiff's skill at computer forensics, which may be exercised at a later date should it become necessary to do so.  For these reasons, the temporary restraining order issued by the Court in this Decision and Order grants Plaintiff only the relief discussed in the first paragraph of Part II.B. of this Decision and Order, not the second paragraph of that part.

D.      **Bond Required**

Plaintiff shall file a bond with, or give other security to, the Clerk of the Court in the amount of fifty thousand dollars ($50,000) no later than 5:00 p.m. on Thursday, May 12, 2011, to secure payment of costs for damages sustained by any Defendant who is found to have been wrongfully enjoined or restrained.  However, this Decision and Order is effectively immediately.

6

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for a temporary restraining order (Dkt. No. 5) is **GRANTED**; and

**ORDERED** that decision on Plaintiff's motion for a preliminary injunction (Dkt. No. 5) is **RESERVED**; and it is further

**ORDERED** that Defendants show cause before this Court at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, NY 13261 at 3:00 p.m. on **TUESDAY, MAY 17, 2011**, why an Order should not be entered pursuant to Fed. R. Civ. P. 65 granting Plaintiff a preliminary injunction, pending the outcome of Plaintiff's Complaint, enjoining and restraining Defendants, their agents, servants, employees and all others acting in concert or privity with them, from doing the following: (1) manufacturing, using, exploiting, selling, transferring, copying secreting or otherwise employing, retaining possession or exerting any right over Plaintiff's trade secrets and proprietary information in connection with any of their business of personal activities; and (2) erasing, deleting, destroying or otherwise disposing of any date, files, records, memoranda, or information improperly obtained by Defendant Gary Newton, Jr. while he was employed by Plaintiff and which is now believed to be in the possession of Defendants; and it is further

**ORDERED** that, pending hearing and determination of this motion, Defendants, their agents, servants, employees and all others acting in concert or privity with them, are enjoined and restrained from (1) manufacturing, using, exploiting, selling, transferring, copying secreting or otherwise employing, retaining possession or exerting any right over Plaintiff's trade secrets and proprietary information in connection with any of their business of personal activities; and (2) erasing, deleting, destroying or otherwise disposing of any date, files, records, memoranda,

Case 6:11-cv-00515-GTS-DEP   Document 11   Filed 05/10/11   Page 8 of 8

or information improperly obtained by Defendant Gary Newton, Jr. while he was employed by Plaintiff and which is now believed to be in the possession of Defendants; and it is further

**ORDERED** that sufficient cause appearing therefor, service of a copy of the Summons and Complaint and this Decision and Order, together with the papers upon which it was granted upon Defendants by overnight mail or overnight delivery service such as Federal Express or the equivalent on or before 5:00 p.m. on **WEDNESDAY, MAY 11, 2011**, shall be good and sufficient service; and it is further

**ORDERED** that, notwithstanding the above-described service, Plaintiff shall **SERVE** Defendants with a copy of his Summons and Complaint pursuant to Fed. R. Civ. P. 4; and it is further

**ORDERED** that papers in response to Plaintiff's motion for a preliminary injunction, if any, are to be served and electronically filed by 9:00 a.m. on **MONDAY, MAY 16, 2011**; and it is further

**ORDERED** that no reply shall be permitted; and it is further

**ORDERED** that oral argument shall occur at 3:00 p.m. on **TUESDAY, MAY 17, 2011**, at the undersigned's chambers at the Federal Building in Syracuse, New York.

Dated: May 10, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

or information improperly obtained by Defendant Gary Newton, Jr. while he was employed by Plaintiff and which is now believed to be in the possession of Defendants; and it is further

**ORDERED** that sufficient cause appearing therefor, service of a copy of the Summons and Complaint and this Decision and Order, together with the papers upon which it was granted upon Defendants by overnight mail or overnight delivery service such as Federal Express or the equivalent on or before 5:00 p.m. on **WEDNESDAY, MAY 11, 2011**, shall be good and sufficient service; and it is further

**ORDERED** that, notwithstanding the above-described service, Plaintiff shall **SERVE** Defendants with a copy of his Summons and Complaint pursuant to Fed. R. Civ. P. 4; and it is further

**ORDERED** that papers in response to Plaintiff's motion for a preliminary injunction, if any, are to be served and electronically filed by 9:00 a.m. on **MONDAY, MAY 16, 2011**; and it is further

**ORDERED** that no reply shall be permitted; and it is further

**ORDERED** that oral argument shall occur at 3:00 p.m. on **TUESDAY, MAY 17, 2011**, at the undersigned's chambers at the Federal Building in Syracuse, New York.

Dated: May 10, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge