UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PLC TRENCHING CO., LLC,
                          Plaintiff,

v.                                                  6:11-CV-0515
                                                  (GTS/DEP)
GARY NEWTON, JR.; CABLE SYS.
INSTALLATION LLC; and CABLE SYS.
INSTALLATIONS CORP.,
                          Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP     CYNTHIA A. MURRAY, ESQ.
  Counsel for Plaintiff                                THEODORE L. HECHT, ESQ.
140 Broadway, Suite 3100
New York, NY 10005

BOND, SCHOENECK & KING PLLC                   BRIAN LAUDADIO, ESQ.
  Counsel for Defendant Gary Newton, Jr.          GREGORY J. McDONALD, ESQ.
350 Linden Oaks, Suite 310
Rochester, NY 14625

LeCLAIR RYAN                                              ANDREW P. ZAPPIA, ESQ.
  Counsel for Corporate Defendants                WENDELL W. HARRIS, ESQ.
290 Linden Oaks, Suite 310
Rochester, NY 14625

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this misappropriation-of-trade-secrets action by PLC Trenching Co., LLC ("Plaintiff") against Gary Newton, Jr., Cable System Installation LLC, and Cable System Installations Corp. ("Defendants"), is Defendants' motion (Dkt. No. 77) for clarification or reconsideration of the Court's Decision and Order of December 12, 2011. (Dkt. No. 72.) For the reasons set forth below, Defendants' motion is denied.

I.     **RELEVANT BACKGROUND**

Because the parties, in their memoranda of law, demonstrate an accurate understanding of the relevant procedural history of this action, the Court will not recite that procedural history in this Decision and Order, which is intended primarily for the review of the parties. The Court would add only that it retains jurisdiction to issue an order clarifying or amending a preliminary injunction (e.g., in response to a motion for reconsideration) for the purpose of preserving the *status quo* during the appeal.[1]

II.    **LEGAL STANDARD GOVERNING MOTION FOR RECONSIDERATION**

Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009).

---

[1] *See* Fed. R. Civ. P. 62(c) (providing, in pertinent part, that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may . . . modify . . . an injunction on terms . . . that secure the opposing party's rights"); *John M. v. Bd. of Educ. of Evanston*, 05-CV-6720, 2006 WL 2796420, at *4 (N.D. Ill. Sept. 26, 2006) ("Although a notice of appeal normally divests the district court of jurisdiction, Rule 62(c) allows the court to retain jurisdiction for the narrow purpose of staying or modifying injunctive relief to preserve the status quo while the case is pending on appeal. . . . When deciding whether to grant a stay and/or modify a judgment of injunctive relief during the pendency of an appeal, the court considers the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

### III. ANALYSIS

Defendants' motion seeks clarification of the Court's Decision and Order with regard to three issues: (1) "[w]hether Defendants have been ordered to cease use of any laying box in any form and/or to send their current laying boxes to Plaintiff"; (2) "[w]hether the Order requires Defendants to cease all use of any equipment where any former Plaintiff employee had any involvement relating to that equipment"; and (3) "[w]ith regard to information relating to Plaintiff's patents, whether the Court's Order was intended to address only confidential physical, representation, or intellectual embodiments relating to Plaintiff's patented inventions obtained from Plaintiff." (Dkt. No. 77, Attach. 1, at 3-4 [attaching pages "1" and "2" of Defs.' Memo. of Law].) In addition, Defendants' motion seeks reconsideration of the Court's Decision and Order to the extent that it failed to "instruct[] [the parties] . . . to reach some agreement whereby Defendants get some notice or disclosure of what trade secrets are claimed to be in Defendants' current laying boxes." (Dkt. No. 77, Attach. 1, at 7-8 [attaching pages "5" and "6" of Defs.' Memo. of Law].)

As an initial matter, the Court interprets Defendants' reply memorandum of law as effectively withdrawing their request for clarification with regard to the second and third above-

described issues. (Dkt. No. 87, at 3, 9-10 [attaching pages "1," "7" and "8" of Defs.' Reply Memo. of Law].) As a result, the Court denies as moot Defendants' motion to the extent it requests such clarification. In the alternative, the Court denies those portions of Defendants' motion, as well as the remaining portions of Defendants' motion, as unsupported by a showing of cause.

> A. Whether Defendants Have Been Ordered to Cease Use of any Laying Box in any Form and/or to Send Their Current Laying Boxes to Plaintiff

The Court finds that no clarification is needed with regard to this issue, because the Decision and Order speaks for itself. In particular, the Decision and Order clearly orders Defendants to cease use of any laying box and send the laying box to Plaintiff–as long as the laying box uses or embodies Plaintiff's patents, trade secrets or proprietary information regarding laying boxes. If the laying box does not use or embody Plaintiff's patents, trade secrets or proprietary information regarding laying boxes, then Defendants are not ordered to cease using it and return it. (*See* Dkt. No. 72, at 24 ["Defendants shall return all . . . physical . . . embodiments of Plaintiff's patents, trade secrets and proprietary information (including, but not limited to, information regarding . . . laying boxes . . . ) obtained from Plaintiff and in Defendants' possession. . . . Defendants . . . are enjoined from directly or indirectly . . . using . . . or retaining possession of or exerting any right over, Plaintiff's trade secrets and proprietary information (including . . . information regarding . . . laying boxes . . . ) in connection with any of their business or personal activities"].)

The Court would add only two points. First, the plain meaning of the preliminary injunction appears to have been easily interpreted by Plaintiff. (Dkt. No. 84, at 5-8 [attaching pages "4" through "6" of Plf.'s Opp. Memo. of Law].) Second, Defendants' arguments

regarding the difficulty of giving Plaintiff an entire laying box when only a portion of it uses or embodies Plaintiff's patents, trade secrets or proprietary information are not relevant to a motion for clarification, but a motion for reconsideration, which is discussed below in Part III.D. of this Decision and Order.

**B.     Whether the Order Requires Defendants to Cease all Use of any Equipment Where any Former Plaintiff Employee Had any Involvement Relating to that Equipment**

Again, the Court finds that no clarification is needed with regard to this issue, because the Decision and Order speaks for itself. In particular, the Decision and Order clearly orders Defendants to cease all use of any equipment– as long as that the equipment uses or embodies Plaintiff's patents, trade secrets or proprietary information. If the equipment does not use or embody Plaintiff's patents, trade secrets or proprietary information, then Defendants are not ordered to cease using it. (*See* Dkt. No. 72, at 24 ["Defendants shall return all . . . physical . . . embodiments of Plaintiff's patents, trade secrets and proprietary information . . . obtained from Plaintiff and in Defendants' possession. . . .  Defendants . . . are enjoined from directly or indirectly. . . using, . . . [or] employing . . . Plaintiff's trade secrets and proprietary information . . . in connection with any of their business or personal activities."].)

**C.     With Regard to Information Relating to Plaintiff's Patents, Whether the Court's Order Was Intended to Address Only Confidential Physical, Representational, or Intellectual Embodiments Relating to Plaintiff's Patented Inventions Obtained from Plaintiff**

Again, the Court finds that no clarification is needed with regard to this issue, because the Decision and Order speaks for itself. In particular, the relevant portion of the Decision and Order clearly addresses all physical and other representational or intellectual embodiments of Plaintiff's patents to the extent those embodiments are confidential and/or have not been

disclosed to the public.  (*See* Dkt. No. 72, at 22, 24 ["However, to the extent Plaintiff seeks injunctive relief that is premised on Defendants' return and non-disclosure of the information embodied in Plaintiff's patents . . . that relief is granted as related to Plaintiff's CFAA claims and breach-of-fiduciary-duty claim . . . .  ACCORDINGLY, it is ORDERED that . . . Defendants shall return all . . . physical and other representational or intellectual embodiments of Plaintiff's patents . . . obtained from Plaintiff and in Defendants' possession. . . .; and it is further ORDERED that Defendants . . . are enjoined from directly or indirectly transferring, copying, secreting, or retaining possession of representational or intellectual embodiments of Plaintiff's patents . . . ."].)

> **D.     Request for an Order "Instruct[ing] [the Parties] . . . to Reach Some Agreement Whereby Defendants Get Some Notice or Disclosure of what Trade Secrets Are Claimed to Be in Defendants' Current Laying Boxes"**

Finally, with regard to their request for an Order "instruct[ing] [the parties] . . . to reach some agreement whereby Defendants get some notice or disclosure of what trade secrets are claimed to be in Defendants' current laying boxes," Defendants argue as follows: "[t]his could be accomplished after an inspection by Plaintiff or by Plaintiff advising Defendants' Counsel of the nature of the claimed trade secrets to allow for an assessment of Defendants' current laying boxes. After these disclosures, Defendants would take steps to ensure compliance with the Court's Order, or, if the parties have a disagreement, could seek redress from the Court. This same procedure could be used for any other trade secrets not currently specifically disclosed in the record." (Dkt. No. 77, Attach. 1, at 7-8 [attaching pages "5" and "6" of Defs.' Memo. of Law].)  This request, which effectively constitutes a motion for reconsideration, is denied as unsupported by a showing of cause, pursuant to the standard described above in Part II of this Decision and Order.

The Court would add only two brief points. First, the Court rejects Defendants' argument that "the only way Defendants can comply with the Order is for PLC to disclose all the PLC trade secrets that are allegedly in CSI's laying boxes" (Dkt. No. 87, at 5) for the reasons offered by Plaintiff in their opposition memorandum of law. (Dkt. No. 84, at 7-8 [attaching pages "5" and "6" of Plf.'s Opp. Memo. of Law].) Second, the Court rejects Defendants' argument that requiring them to forfeit the laying boxes in their entirety would "severely harm" them, because the Court considered, and rejected, the evidence on which that argument is based, before issuing the injunction in question. (Dkt. No. 98, at 9 [citing Paragraphs 10-12 of Second Decl. of Bowman].)

However, the Court is amenable to attempting to assist the parties in amicably resolving their dispute regarding the forfeiture of the laying boxes. As a result, counsel for the parties are directed to appear with settlement authority at the Show Cause Hearing scheduled in this action for 10:00 AM on March 22, 2012, to broach that issue either before or after the Hearing.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for clarification or reconsideration of the Court's Decision and Order of December 12, 2011 (Dkt. No. 77), is **DENIED**; and it is further

**ORDERED** that counsel for the parties are directed to appear with settlement authority at the Show Cause Hearing scheduled in this action for 10:00 AM on March 22, 2012.

Dated: March 7, 2012
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge