UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PLC TRENCHING CO., LLC,

           Plaintiff,

    v.

GARY NEWTON, JR., CABLE SYSTEM
INSTALLATION LLC, and CABLE SYSTEM
INSTALLATIONS CORP.,

           Defendants.

Civil Action No. 6:11-cv-0515 (GTS/DEP)

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

    Plaintiff PLC Trenching Co., LLC ("Plaintiff" or "PLC-T"), having commenced this action on May 5, 2011 against defendants Gary Newton, Jr. ("Newton") and Cable System Installation LLC and Cable System Installations Corp. (individually and collectively "CSI") (Newton and CSI will be referred to herein as "Defendants") (PLC-T, Newton, and CSI will be referred to herein as the "Parties"); and

    Plaintiff having filed its Third Amended Complaint asserting claims against Defendants for the misappropriation of trade secrets under New York common law, violation of sections 1030(a)(2)(C), 1030(a)(4), 1030(a)(5)(B), and 1030(a)(5)(C) of the Computer Fraud and Abuse Act (the "CFAA"), unfair competition, breach of fiduciary duties against defendant Newton under New York common law; and patent infringement against defendant CSI based upon U.S. Patent No. 6,854,931 ("the '931 patent") and U.S. Patent No. 6,981,342 ("the '342 patent") (collectively, the "Patents-in-Suit") and;

Defendants having filed their Answer to the Third Amended Complaint and interposed Defenses and Counterclaims against Plaintiff; and

On January 23, 2013 Plaintiff and Defendants entered into an agreement to resolve this action (the "Settlement Agreement"), which includes provisions to protect Plaintiff's trade secrets and proprietary information, and further protects Plaintiff's interests in and rights to the Patents-in-Suit, as well as Plaintiff's U.S. Patent No. 7,310,896 ("the '896 patent") (collectively "PLC-T Patents");

NOW THEREFORE, Plaintiff and Defendants, having entered into the Settlement Agreement and consented to judgment as follows, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the Parties and subject matter hereto, and venue is proper in this District.

2. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Stipulated Consent Judgment and Permanent Injunction.

3. Plaintiff is the owner of all right, title and interest in and to:

   (a) United States Patent No. 6,854,931 ("the '931 patent") entitled "Apparatus for establishing adjustable depth bed in trenches for utility lines and encasing the lines";

   (b) United States Patent No. 6,981,342 ("the '342 patent") entitled "Screening laying box"; and

   (c) United States Patent No. 7,310,896 ("the '896 Patent") entitled "Mechanized unit for protectively encasing a utility in a trench with processed excavated trench material."

4. Defendants' Counterclaims and Defenses as to subject matter at issue in this litigation are hereby dismissed with prejudice and shall have res judicata effect, provided that Defendants maintain their right to assert a defense of non-infringement of the PLC-T Patents in any future dispute regarding devices that have different features and functions from what is claimed in the PLC-T Patents.

5. Defendants acknowledge the validity of: (i) Plaintiff's trade secrets and proprietary information regarding cup cutter segments; (ii) Plaintiff's trade secrets and proprietary information regarding dozer track modifications; (iii) and Plaintiff's trade secrets and proprietary information regarding the laying box roller described in sealed testimony at the Preliminary Injunction Hearing (*see* December 7, 2011 Preliminary Injunction Sealed Transcript, p. 19, l. 25 – p. 22, l. 2); and (iv) Defendants further acknowledge that U.S. Patent Nos. 6,854,931, 6,981,342, and 7,310,896 are valid and enforceable.

6. Defendants acknowledge that they have engaged fabricators, employees, agents and servants and manufactured laying boxes, trenching parts and associated equipment ("Accused Products"), and adopted modifications ("Modifications") of their trenching equipment in reliance upon Plaintiff's trade secrets and proprietary information regarding cup cutter segments, and that Defendants have offered trenching services for sale in the United States using said Accused Products and Modifications.

7. Defendants acknowledge that they have engaged fabricators, employees, agents and servants and manufactured laying boxes that infringe upon the Patents-in-Suit, and that Defendants have offered trenching services for sale in the United States using said laying boxes.

8. The Accused Products were manufactured by the following companies: Klute Inc., Cannon Machine Inc., Rollins Machine Inc., Rooney Contracting Co. and Macomber Welding & Fabricating Inc.

9. CSI has infringed the Patents-In-Suit by manufacturing and using the Accused Products in connection with trenching services offered for sale and sold by CSI within the United States. Defendants have misappropriated and violated Plaintiff's trade secrets and proprietary information regarding cup cutter segments, and Defendant Newton took computer files from Plaintiff's computer network.

10. From the date of this Order:

    (a) Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) are permanently enjoined and restrained from manufacturing, offering to sell, selling, and/or using laying boxes or any other product that infringe the PLC-T Patents.

    (b) Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) are permanently enjoined and restrained from manufacturing, offering to sell, selling, and/or using: (i) cup cutter segments; (ii) PLC-T's dozer track modifications; or (iii) PLC-T's roller described in sealed testimony at the Preliminary Injunction Hearing. (*See* December 7, 2011 Preliminary Injunction Sealed

Transcript, p. 19, l. 25 – p. 22, l. 2). If after the date of the Settlement Agreement, Defendants are found using (i) cup cutter segments; (ii) PLC-T's dozer track modifications; or (iii) PLC-T's roller, PLC-T shall have the right to immediately institute proceedings against Defendants for use of those devices, including contempt, without permitting Defendants an opportunity to cure such use.

(c) With regard to Plaintiff's proprietary designs and devices, Plaintiff shall designate and/or provide to CSI counsel a set of documents such as schematics, depictions, drawings, and designs, including AutoCAD drawings produced by PLC-T in this case, that disclose the features of Plaintiff's proprietary designs and devices (collectively, "PLC-T Designs and Devices"), that should not be in the possession of CSI or used by CSI. Without disclosing the PLC-T Designs and Devices to CSI, counsel for CSI shall assist CSI in conducting a good faith review of CSI and its corporate parents, subsidiaries, siblings, and affiliates ("CSI Related Entities") premises, equipment, devices, drawings, and designs to ensure that CSI and CSI Related Entities are not in possession of or using any of the PLC-T Designs and Devices. CSI shall have ninety (90) days from its counsel's receipt of and/or designations of the PLC-T Designs and Devices to complete this review. If as part of this review CSI locates any PLC-T Designs and Devices in CSI or CSI Related Entities' possession, CSI will disclose the designs or devices at issue to Plaintiff and shall permanently delete or destroy the PLC-T Designs and Devices found.

   Upon completion of the review, CSI's counsel shall provide a certification from CSI to Plaintiff confirming that a good faith review has been conducted and that either none of the PLC-T Designs and Devices were in the possession of CSI or CSI Related Entities, or if any PLC-T Designs and Devices were located by CSI, that those devices or designs have been disclosed to PLC-T and: (1) permanently deleted from CSI and CSI Related Entities' files and systems in a non-recoverable manner; (2) destroyed if in hard copy such as pictures, CDs, DVDs, video tape, etc.; and (3) destroyed if in physical form. CSI and CSI Related Entities, and their officers, directors, employees shall not be in contempt or subject to suit by Plaintiff for any PLC-T Designs and Devices removed from CSI and CSI Related Entities' possession within the ninety (90) day period set forth in this paragraph 10(c).

(d)  Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) are permanently enjoined and restrained from manufacturing, offering to sell, selling, and/or using PLC-T Designs and Devices; provided, however, as part of the procedure set forth in paragraph 10(c), if CSI determines that a design or device in its possession that is the same as the PLC-T Designs and Devices was designed, developed, or manufactured by a third party, or independently by CSI, and determines not to cease use of or destroy or delete the design

or device in question, it shall explain its rationale therefore in writing to Plaintiff. If not satisfied with CSI's disclosure and rationale, Plaintiff shall have the right to institute proceedings against Defendants for the design or device at issue under the notice and cure provisions of paragraph 10(g).

(e) With regard to other documents and electronic files containing other materials that Plaintiff considers proprietary or trade secret, Plaintiff shall promptly provide to CSI a set of those materials that Plaintiff has to date found on CSI and CSI Related Entities' electronic systems in connection with the forensic review and/or provided to Plaintiff by Defendants during discovery or by third parties in response to subpoenas ("PLC-T Documents and Files"). CSI shall engage a third party vendor to review the database collected by Capsicum Group, LLC ("Capsicum") to permanently delete all copies of the PLC-T Documents and Files from CSI and CSI Related Entities' systems in a non-recoverable manner within one-hundred twenty (120) days of the date of execution of the Settlement Agreement. CSI's third party vendor shall also conduct a further good faith review of CSI and CSI Related Entities' electronic systems collected by Capsicum for any other materials or documents that may contain proprietary Plaintiff information, which review shall be completed within one-hundred twenty (120) days from the date of execution of the Settlement Agreement. If additional materials are found in this further review that may contain Plaintiff proprietary information, CSI shall

disclose those materials to Plaintiff. If after disclosure to Plaintiff, Plaintiff requests that these materials be deleted, CSI shall delete these materials from its and CSI Related Entities' files and systems in non-recoverable manner. Upon completion of this further review, CSI counsel shall provide a certification to Plaintiff from CSI's third party vendor confirming that a good faith review has been conducted and that either no further proprietary Plaintiff information was found, or if any further Plaintiff proprietary information was found, it was disclosed to Plaintiff and permanently deleted. CSI and CSI Related Entities, and their officers, directors, employees shall not be in contempt or subject to suit by Plaintiff for any PLC-T Documents and Files or Plaintiff proprietary information CSI and CSI Related Entities permanently remove from their systems and files within the one-hundred twenty (120) day period set forth in this paragraph.

(f) With regard to the obligations set forth in paragraphs 10(a), 10(b), 10(c), 10(d), and 10(e) of this Order, CSI shall send written instructions to its and CSI Related Entities relevant employees and consultants whose job responsibilities might have brought them into contact with PLC-T Designs and Devices, PLC-T Documents and Files, or other proprietary information of Plaintiff. These instructions shall advise the employees and consultants to search areas in their control, including but not limited to, their laptops, personal computers, mobile devices and hard copy files for any PLC-T Designs and Devices, PLC-T Documents and Files, or

other proprietary information or depictions thereof of Plaintiff. If any such materials are found, the employees and consultants shall be instructed to provide copies of the materials found to CSI's in-house counsel for disclosure to PLC-T. The employees and consultants shall be instructed to permanently delete or destroy any materials found. The employees and consultants shall be directed to provide a written confirmation that they searched for and deleted or destroyed PLC-T Designs and Devices, PLC-T Documents and Files, or other proprietary information of Plaintiff. This notice and confirmation procedure shall meet CSI's good faith obligations under paragraphs 10(c), 10(d), and 10(e).

(g) If Plaintiff becomes aware of any PLC-T Designs and Devices, PLC-T Documents and Files, or other proprietary information of Plaintiff in the possession of CSI or CSI Related Entities or being used by CSI or CSI Related Entities, Plaintiff shall provide written notice to CSI identifying the material in question. CSI and CSI Related Entities shall then have twenty (20) days to permanently destroy, delete and cease use of the materials in question. This twenty (20) day cure period shall be available only once for any particular feature or modification thereof that is the subject of a notice from Plaintiff under this paragraph 10(g). If CSI destroys, deletes and ceases to use the materials in question, CSI shall not be in contempt or subject to suit. If CSI determines not to cease use of or destroy or delete the materials in question, it shall explain its rationale

therefore in writing to Plaintiff within such twenty (20) days. If CSI and CSI Related Entities do not destroy, delete and cease use of the materials in question within the twenty (20) days after notice from Plaintiff, Plaintiff shall have the right to institute proceedings against Defendants for contempt or for use or possession of the material in question. CSI and CSI Related Entities, and their officers, directors, employees shall not be subject to suit by Plaintiff for any materials removed from CSI and CSI Related Entities' possession within the twenty (20) day period set forth in this paragraph 10(g). This paragraph 10(g) shall not apply to use of the devices set forth in paragraph 10(b) above for which CSI and CSI Related Entities shall have no right to a notice and cure period.

(h)   CSI shall provide notice of this Consent Judgment to the fabricators of the Accused Products, including: Klute Inc., Cannon Machine Inc., Rollins Machine Inc., Rooney Contracting Co. and Macomber Welding & Fabricating Inc. ("CSI Fabricators"). CSI shall use its best efforts to have CSI Fabricators return to Plaintiff and to permanently delete Plaintiff materials that fall within the scope of the consent judgment in the CSI Fabricators' possession, custody or control and shall bear the cost attendant to the CSI Fabricators' compliance with this paragraph 10(h).

(i)   CSI shall pay, without any contribution from Plaintiff, the full cost of its obligations set forth in paragraphs 10(a) – (h), and (j).

(j)   CSI shall pay forthwith all outstanding invoices rendered by Capsicum in connection with this action.

(k) CSI shall permit Plaintiff to independently monitor CSI and CSI Related Entities' trenching project activities for a period of four (4) years, at Plaintiff's sole cost and expense, which shall include the following:

   (i) Plaintiff shall have the right to perform unannounced inspections of CSI's and CSI Related Entities' project sites so that Plaintiff may be assured that CSI and CSI Related Entities are not violating the terms of this Consent Judgment; and

   (ii) CSI and CSI Related Entities shall be obligated to provide regular disclosure of information regarding their trenching operations sufficient to keep Plaintiff apprised of the status of the operations, including the project location, start date, end date, an on-site contact, and any additional information required for Plaintiff to gain access to the site for an inspection (including, *e.g.*, the general contractor's requirements, any safety training requirements, and such additional information as will facilitate the inspections contemplated).

(l) Defendants are individually responsible for compliance with this Order. CSI will not be responsible for the compliance of Newton, and Newton will not be liable for the compliance of CSI. Further, CSI will not be responsible for the compliance of former employees or third parties who are not acting on behalf of or under the control of CSI or CSI Related Entities.

(m)  Notwithstanding any provision(s) to the contrary in the foregoing paragraphs, the terms of this Consent Judgment shall apply until the date upon which the Patents-In-Suit expire or until each and every claim of the Patents-In-Suit is declared invalid and/or unenforceable by a decision of a court or other government agency of competent jurisdiction that is unappealable or unappealed within the time allowed for appeal.

Dated: January 29, 2013

_____
Theodore L. Hecht, Esq.
Cynthia A. Murray, Esq.
SCHNADER HARRISON SEGAL &
  LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
Phone (212) 973-8077
Fax (212) 972-8798
E-mail: thecht@schnader.com
E-Mail: cmurray@schnader.com
*Attorneys for Plaintiff PLC Trenching Co., LLC*

_____
Andrew P. Zappia, Esq.
Wendell W. Harris, Esq.
LECLAIR RYAN
290 Linden Oaks, Suite 310
Rochester, New York 14625
Phone (585) 270-2102
Fax (585) 270-2162
E-mail: Andrew.Zappia@leclairryan.com
E-mail: Wendell.Harris@leclairryan.com
*Attorneys for Defendants Cable System Installation LLC and Cable System Installations Corp.*

_____
Brian Laudadio, Esq.
BOND, SCHOENECK & KING, PLLC
350 Linden Oaks, Suite 310
Rochester, NY 14625-2825
Phone (585) 362-4714
Fax (585) 362-4701
E-mail: blaudadio@bsk.com
*Attorneys for Defendant Gary Newton, Jr.*

**IT IS SO ORDERED.**

IT IS SO ~~ORDERED.~~
_____
Hon. Glenn T. Suddaby
U.S. District Judge

12

Dated: January 30, 2013
       Syracuse, NY